IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

FILED

1:05 pm, 6/16/23

U.S. Magistrate Judge

| | |
|---|---|
| UNITED STATES OF AMERICA., <br><br> Plaintiff, <br><br> vs. <br><br> SHANE M. HENNING <br><br> Defendant. | Case Nos.  L:22-PO-00397-SWS <br> L:22-MJ-00048-SWS |

### ORDER ON DEFENDANT'S ACCESS TO THE JUSTICE CENTER YELLOWSTONE NATIONAL PARK

Before the Court is a Motion for Client to Work in Any Park Building for Which He is Given a Work Order. L:22-mj-00048-SWS, ECF No. 34. Defendant, Shane Henning, requests clarification regarding access to the Yellowstone Justice Center in Mammoth, Wyoming. *Id*. Mr. Henning is a National Parks Service [NPS] employee working in the Electrical Shop. He is assigned "work orders" from his superiors, who are aware of, and attended portions of, his trial, sentencing, and now appeal. The Defendant's consolidated appeal of his convictions in L:22-PO-00397 and L:22-MJ-00048 are before U.S. District Judge Skavdahl; and is a separate matter from this Order. The District Court has entered an order staying parts of Mr. Henning's sentences in the above-captioned cases but did not stay the non-monetary terms and conditions of his one-year term of unsupervised probation. L:22-PO-00397, ECF No. 71 at 2; L:22-MJ-00048, ECF No. 26 at 2. While the Defendant's consolidated appeal is pending, this Court considers his case still open and pending as well.

This Order is issued to provide the clarification requested by the Defendant regarding access to Yellowstone Justice Center. As explained below, the Motion for Client to Work in Any Park Building for Which He is Given a Work Order, L:22-mj-00048-SWS, ECF No. 34, is hereby DENIED.

The Yellowstone Justice Center houses the United States Marshals Service, the office responsible for supervising any defendant in custody or serving a custodial sentence from this Court; the Law Enforcement office for the National Parks Service, who investigated the Defendant's cases; the United States Attorney's Office, the office responsible for prosecuting the Defendant's cases; and the United States District Court for the District of Wyoming, the court responsible for hearing and deciding the Defendant's cases. There are no other offices in the building. Public access to the Yellowstone Justice Center is restricted to ground level, where the U.S. District Court holds hearings and is at all times supervised by Court Security Officers. Court Security Officers are contracted out by the U.S. Marshals for protection of the Judiciary and its employees. *See U.S. Marshals Service, Judicial Security,* https://www.usmarshals.gov/what-we-do/judicial-security, accessed June 15, 2023.

The Constitution and court tradition have given citizens the right of access to court proceedings. *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 7 (1986); *see also* USCS Const. Amend. 1. Yet, the right of access to court proceedings, and federal property, is not unfettered. *Downing v. Kunzig*, 454 F.2d 1230, 1232 (6th Cir. 1972) (holding the federal government has a vested interest in protecting its people and properties; and may perform security screenings at entry points to determine the business of the visitor and conduct a brief search for the "limited purpose of determining that no explosives or dangerous weapons [are] transported into the building.").

Members of the public wishing to enter the Yellowstone Justice Center are subject to security screenings. A person is not allowed carte blanche access to every aspect of the Justice Center based on a wish to see the interior of the building. Nor is a defendant allowed access to every aspect of the Justice Center based solely on his employment. Mr. Henning may come through security like any member of the public, or a defendant, for any court-related purpose. However, Mr. Henning has no right to access other parts of the courthouse that are not generally open to the

public. And in no circumstance would it be appropriate for any defendant with a pending case, or with a sentence pending, to have access to any offices of any of the agencies housed in the Yellowstone Justice Center, or to be interacting with any of the individuals employed by those agencies.

As previously explained at the sentencing stage of the Defendant's cases, "[A]s a maintenance worker, Mr. Henning has access to folks' houses and offices." L:22-po-00397-SWS, ECF No. 78 at 174, 15-16. The Court also notes the Defendant's history of not taking court orders seriously. *See Id.* at 179, 8-13. Although the Court did not "restrict [Henning] from being in a building for work purposes," as a defendant, he will be subjected to the same security procedures and access as any member of the public, nothing different, and will continue to be treated as such. Mr. Henning's employment with NPS does not imbue him with any special rights of access. *See Graham v. Hoffer*, Civil Action No. 1:05-CV-2679, 2008 U.S. Dist. LEXIS 80421, at *12 (M.D. Pa. Oct. 10, 2008) (upholding the restriction of a probation officer's entry into the courthouse and reenforcing the lack of "any case granting a right of unhindered access to a place of governmental employment.")

"Though the Supreme Court has recognized a fundamental right of access to the courts, it is also clear. . . that the security restrictions in place reducing [an employee's] ability to enter and move about the courthouse did not actually deprive [the employee] of that fundamental right." *Id.,* at 13 (citing *Tennessee v. Lane*, 541 U.S. 509, 523 (2004)); *see also Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 599 (2008). The same is true here. The Defendant may attend any court hearing open to the public and have access to the Yellowstone Justice Center for the purpose of conducting court-related business, but he may not have access to the entire building based on his employment.

Based on the reasoning above, IT IS HEREBY ORDERED the conditions of Mr. Henning's access to the Yellowstone Justice Center is limited to that of a member of the public.

FURTHERMORE, Mr. Henning's employment does not provide him with the security clearance to bypass the security established at the entry point of the Yellowstone Justice Center. IT IS FURTHER ORDERED that Mr. Henning will continue to abide by the restrictions established at sentencing regarding the lay-witnesses in his cases now before the U.S. District Court. In addition, Mr. Henning remains subject to any conditions or restrictions his employer, NPS, may place upon him.

    THEREFORE, the Motion for Client to Work in Any Park Building for Which He is Given a Work Order is hereby DENIED. L:22-mj-00048-SWS, ECF No. 34.

    Dated this 16th day of June, 2023.

                                                     STEPHANIE A. HAMBRICK
                                                       U.S. Magistrate Judge